# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>KEVIN A. HARKINS,<br><br>                Defendant. | Case No. 25-MJ-00119-LMC (WBG) |

## MOTION FOR DETENTION

The United States of America, by and through its undersigned counsel, and hereby moves this Court in this Motion to order the detention of defendant Kevin A. Harkins ("Harkins" or "Defendant") without bond pursuant to 18 U.S.C. § 3142(e).

### I. BACKGROUND

On September 12, 2025, a Complaint charging Harkins with a violation of malicious destruction of property, in violation of 18 U.S.C. § 844(i), and unlawful possession of an unregistered firearm (specifically a destructive device), in violation of 26 U.S.C. §§ 5845(a)(8) and (f), 5861(d), and 5871, was filed in the Western District of Missouri. *See* Doc. 1. This motion is being made at the defendant's first appearance before a judicial officer, which is set to occur following the Defendant's arrest in the United States District Court for the Eastern District of Missouri.

### II. ARGUMENT & AUTHORITIES

First, the Government is entitled to a detention hearing because the case involves the possession or use of a firearm as that term is defined in 18 U.S.C. § 921. *See* 18 U.S.C. § 3142(f)(1)(E). Based on this charge and this Motion, the Court "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f).

Second, detention of the Defendant is warranted. This Court shall detain the defendant, if "after a hearing" it determines "that no condition or combination of conditions will reasonably assure the appearance of the person required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Pretrial detention may be ordered either upon (1) a showing by clear and convincing evidence that release will result in danger to the community; or (2) a showing by a preponderance of the evidence that release will result in a serious risk of flight. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). In determining whether pretrial detention is appropriate, the Court shall consider information concerning the nature and circumstance of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, and the danger to any person of community posed by the defendant's release. 18 U.S.C. § 3142(g).

Here, moreover, there is a "rebuttable presumption" that no condition or combination of conditions will assure the safety of the community because the defendant is charged with 18 U.S.C. § 844(i) "an offense listed in section 2332b(g)(5)(B) of Title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed." 18 U.S.C. §§ 3142(e)(3), (f)(1)(A); 18 U.S.C. § 844(i); *see also* 18 U.S.C. § 2332b(g)(5)(B)(i) (listing "844(i) (relating to arson and bombing of property used in interstate commerce)"). The Defendant cannot rebut that presumption, and this Court should order him detained pending trial.

To determine whether the defendant can rebut the presumption of detention, this Court considers the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;

> (3) the history and characteristics of the person, including—
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> . . .
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Thus, there are no conditions which the Court could place on the Defendant's release which would reasonably assure the safety of the community by clear and convincing evidence and reasonably assure the defendant's appearance by a preponderance of the evidence. First, the nature and circumstances of the charged offenses as detailed in the Affidavit in support of the criminal Complaint support detention. The offenses involved the use of destructive devices and firing of a handgun roughly thirty times. Next, the weight of the evidence as detailed in the criminal Complaint's Affidavit is strong. Finally, as reflected in the statutory presumption that the Defendant be detained; by committing this offense, the Defendant demonstrated the danger he presents to the community upon his release. 18 U.S.C. § 3142(g)(4).

Accordingly, when considering the totality of the circumstances, the § 3142(g) factors support a conclusion by clear and convincing evidence that Defendant's release will result in danger to the community, and he should detained.

Respectfully submitted,

R. Matthew Price
United States Attorney

By:     */s/ Sean T. Foley*
Sean T. Foley
Assistant United States Attorney

*/s/ William A. Alford III*
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on September 12, 2025, to the Electronic Filing System (CM/ECF) of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Sean T. Foley*
Sean T. Foley
Assistant United States Attorney

*/s/ William A. Alford III*
William A. Alford III
Assistant United States Attorney